958 F.2d 369
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Derrick Scott MITCHELL, Defendant-Appellant.
 No. 91-5107.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 9, 1991
Decided: March 27, 1992
 
 W. Michel Pierson, Baltimore, Maryland, for Appellant.
 Richard D . Bennett, United States Attorney, Harvey E. Eisenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Before RUSSELL, SPROUSE, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Derrick Scott Mitchell appeals from his resentencing after remand from this Court. See United States v. Johnson, No. 90-5079 (4th Cir. June 17, 1991) (unpublished). Because we find that the district court's determination of the quantity of cocaine which Mitchell should have reasonably foreseen as a participant in the crime was not clearly erroneous, we affirm Mitchell's sentence.
 
 
 2
 Mitchell was one of seventeen defendants charged with conspiring to possess with the intent to distribute cocaine; a jury convicted Mitchell of the offense. At his sentencing, the district court determined that Mitchell could have reasonably foreseen the distribution of fifteen kilograms of cocaine, which resulted in a guidelines base offense level of 34. The court granted him a two-level adjustment for his minor role in the conspiracy and sentenced him to 121 months imprisonment and five years supervised release.
 
 
 3
 This Court affirmed Mitchell's conviction on appeal but remanded his sentence to the district court because the court made inadequate findings of fact regarding the amount of cocaine which Mitchell could have reasonably foreseen. Johnson, slip op. at 21. The district court determined at the resentencing that Mitchell knew or should have reasonably foreseen that the conspiracy in which he was involved distributed fifteen to fifty kilograms of cocaine, and resentenced him to the same sentence he received before his appeal.
 
 
 4
 At sentencing, the government need only establish facts supporting the offense level by a preponderance of the evidence. United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.), cert. denied, 493 U.S. 943 (1989). Whether the entire amount of drugs involved in the overall conspiracy was foreseeable to the defendant is a question of fact which this Court reviews under the clearly erroneous standard. United States v. Vinson, 886 F.2d 740, 742 (4th Cir. 1989), cert. denied, 493 U.S. 1062 (1990). The conduct for which a defendant will be held accountable when he is convicted of conspiracy includes the "conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment (n. 1).
 
 
 5
 A preponderance of the evidence presented at resentencing supports the district court's determination that Mitchell should have reasonably foreseen distribution of the entire thirty-six kilograms involved in the conspiracy. The government's evidence established that Mitchell actually distributed or was personally aware of at least ten kilograms of cocaine distributed through the conspiracy. Mitchell leased several telephone pagers over the life of the conspiracy which were paid for and used by a co-conspirator who Mitchell knew was dealing cocaine. The same conspirator testified that he was responsible for distributing three to four kilograms of cocaine per month during the year-long conspiracy and that Mitchell did numerous odd jobs for him.
 
 
 6
 Because a preponderance of the evidence supports the district court's determination that Appellant could have reasonably foreseen the entire amount of cocaine distributed through the conspiracy, we affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED